# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>MIDDLE DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No: |
| JOE CEPHUS CAMPBELL, III | ) 4:22-cr-00310-CLM-GMB |
| | ) |
| Defendant. | ) |

## <u>SENTENCING MEMORANDUM</u>

The Court is set to sentence defendant Joe Cephus Campbell, III, on January 19, 2024. The United States asks the Court to accept the parties' binding plea agreement (doc. 32), and recommends that the Court sentence Mr. Campbell to 24 months imprisonment, impose a $25,000 fine, and place him on supervised release for three years following his release from prison.

### I.   FACTUAL BACKGROUND

On August 4, 2022, the Marshall County Sheriff's Office, assisted by the United States Secret Service, executed a search warrant at Joe's Pawn Shop in Albertville, Alabama. (PSR, ¶ 7). Over two hundred firearms were found in the second story of the building. In this area, Campbell operated a shop that sold firearm magazines over the internet. (*Id.*, ¶ 8). The shop would 3D print the magazines. (*Id.*). To ensure that the magazines would fit the firearm, an employee would insert the magazine into the firearm. (*Id.*). The shop kept firearms on hand for that purpose.

Campbell was previously convicted of conspiring to deal in firearms without a federal firearms license in the United States District Court for the Northern District of Alabama, Case Number 4:06-CR-00411-SLB-HGD. (*Id.*, ¶16).

## II. SENTENCING RECOMMENDATION

### A. The Calculation of Campbell's Guideline Range

Although the guidelines are advisory, they remain "the starting point and the initial benchmark" in determining the sentence that would be "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). The U.S. Probation Office calculates Mr. Campbell's total offense level as 21, his criminal history category as II, and the guideline imprisonment range as 41 months to 51 months. Neither party has objected to these calculations.

### B. The Requested Sentence is Fair and Reasonable

The United States believes a variance is warranted in this case. Mr. Campbell's offense level was driven in large part by the ten-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for the number of firearms connected to the crime. (PSR, ¶ 22). Although Mr. Campbell's offense was serious, the number of firearms possessed is not the best way to measure its gravity. This is not a situation where an armed drug dealer has amassed an arsenal to further his drug trafficking activity. Nor is it a situation where a defendant is illegally trafficking firearms. Rather, Mr.

2

Campbell's possession of firearms was connected to an otherwise lawful business. The offense was brazen given Mr. Campbell's previous conviction for conspiring to traffic in firearms without a license, but it is different than the majority of cases contemplated by Section 2K2.1.

A 24-month sentence of imprisonment is sufficient, but not greater than necessary, to achieve the sentencing goals set out in Title 18, United States Code, Section 3553(a). Without the 10-level enhancement based on the number of firearms, Mr. Campbell's adjusted offense level would have been 12, and his guideline range of imprisonment would have been 12-18 months. A 24-month sentence strikes the right balance, a balance which was agreed to by the parties in the plea agreement presented to the Court. It reflects the seriousness of Mr. Campbell's offense and the fact that this is his second firearms crime. But it does not place a disproportionate amount of weight on the number of firearms possessed.

A fine is appropriate given the economic nature of the crime. Moreover, Mr. Campbell can afford to pay a fine. (PSR, ¶¶ 55-57). The United States recommends the Court impose a $25,000 fine, which is within the guideline range for this offense. (PSR, ¶ 68).

Mr. Campbell's recidivism means that a three-year term of supervised release is necessary. *See* U.S.S.G. § 5D1.1, n.3(B) ("In general, the more serious the defendant's criminal history, the greater the need for supervised release.").

Supervision by the Probation Office will ensure that Mr. Campbell avoids future firearms offenses and finds employment that does not involve possessing weapons.

The requested sentence is appropriate and would meet the objectives set forth in Section 3553(a), particularly given (i) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; and (iii) the need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a).

### III. CONCLUSION

The United States requests that the Court sentence Mr. Campbell to 24 months imprisonment, impose a $25,000 fine, and place Mr. Campbell on supervised release for three years following his release from prison.

Respectfully submitted,

PRIM F. ESCALONA
United States Attorney

*/s/ John M. Hundscheid*
JOHN M. HUNDSCHEID
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I filed a copy of the above pleading electronically using CM/ECF, which caused a copy to be sent to counsel of record.

                                                */s/ John M. Hundscheid*
                                                JOHN M. HUNDSCHEID
                                                Assistant United States Attorney